IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                Plaintiff,                    FINAL HEARING ORDER

   v.

                                               14-cr-13-jdp

HUMBERTO FIERRO RASCON,

                Defendant.

---

A final hearing was held in this case on January 7, 2015, before United States District Court Judge James D. Peterson. The government appeared by Assistant United States Attorney David J. Reinhard. Defendant Humberto Fierro Rascon appeared in person and by counsel, Mark Maciolek. Defendant was also assisted by a Spanish-English language translator.

The court confirmed that there are no motions in limine.

The government made a *Santiago* proffer supporting the admissibility of co-conspirator statements at trial under Federal Rule of Evidence 801(d)(2)(E). The government outlined its evidence that a conspiracy included defendant and co-conspirators, that the co-conspirators made the statements during the conspiracy and in furtherance of the conspiracy. The evidence included phone recordings, text messages, and witness testimony. Defendant did not object to the government's proffer, but he reserved all other objections to the evidence. Based on the government's in-court presentation and trial brief, Dkt. 90, the court found that the government has established the admissibility of the co-conspirators' statements by a preponderance of the evidence.

The government also informed the court that it will not introduce the other acts evidence disclosed in Dkt. 77, part (b), that had been contested by defendant. Should defendant testify, the government will likely introduce the prior convictions disclosed in Dkt. 77, part (d).

The court discussed the voir dire questions, jury instructions, and verdict forms, indicating that although the documents have already been edited, it would be receptive to additional input from the parties if it were promptly provided. The court will make final revisions to the post-trial jury instructions during trial.

Lastly, the court reviewed housekeeping details for trial. Witnesses will be sequestered. Trial days will usually begin at 9:00 a.m. and will run until 5:30 p.m., with at least an hour for lunch, a short break in the morning, and another short break in the afternoon. Trial will likely be in courtroom 250, although counsel should confirm the room when they arrive at court. Counsel should use the court's evidence presentation system and use a microphone at all times. Counsel should address the bench with all objections. If counsel need to consult with one another while court is in session, they should ask permission to do so. Counsel may talk with their witness during breaks in the proceedings, but the witness will then be subject to cross examination by opposing counsel without the protection of attorney-client privilege as to the subject of the conversation. Only the lawyer questioning a particular witness may raise objections to questions put to the witness by the opposing party and argue the objection at any bench conference. Cross examination will generally be limited to the scope of the direct. However, if the defense would call that witness in its case, the defense may elect to conduct its direct examination while the witness is on the stand.

Entered this 8th day of January, 2015.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge